NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-812

ANGELA MILLS

VERSUS

VANDELL SMITH, SR., ET AL.

**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 40712
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Candyce G. Perret, Judges.

AFFIRMED.

Edwin G. Preis, Jr.
F. Douglas Ortego
Preis PLC
102 Versailles Boulevard #400
Lafayette, LA 70509
(337) 237-6062
COUNSEL FOR DEFENDANTS-APPELLANTS:
    Vandell Smith, Sr.
    LaSalle CCA Inc. aka LaSalle Community Action Association, Inc.
    New Hampshire Insurance Co.

**Joseph Andrea Gregorio**
**Attorney at Law**
**1100 Benton Road**
**Bossier City, LA 71111**
**(318) 747-0384**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
　　**Angela Mills**

**J. Cole Sartin**
**Sartin Law Firm**
**223 Fannin Street**
**Shreveport, LA 71101**
**(318) 553-5577**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
　　**Angela Mills**

**PICKETT, Judge.**

The appellants, Vandell Smith, Sr., LaSalle CCA, Inc., a/k/a LaSalle Community Action Association, Inc. (LaSalle CCA), and New Hampshire Insurance Company, appeal a summary judgment of the trial court finding that Vandell Smith is solely liable for the damages caused to Angela Mills following a two-vehicle collision. The appellants also appeal the finding that no third party negligently caused the injuries sustained by Ms. Mills. Finally, the appellants appeal the finding that Ms. Mills was free from fault.

## FACTS

On May 4, 2017, Ms. Mills was driving her Nissan Pathfinder north on U.S. Highway 165 past the intersection with U.S. Highway 84 in Tullos, LaSalle Parish, Louisiana. At that intersection, Highway 165 is a four-lane highway with the north and south lanes divided by a grassy median. Mr. Smith, an employee of LaSalle CAA in the course and scope of his employment, was driving a small school bus east on Highway 84. While Mr. Smith attempted to execute a left turn into the northbound lanes of Highway 165, his bus collided with Ms. Mills' vehicle. Ms. Mills' vehicle rolled over one-and-a-half times, landing on its roof. Ms. Mills allegedly suffered injuries as a result of the accident. Her vehicle was rendered a total loss. The bus suffered minor damage to its front end. The police officer who arrived on the scene to investigate the accident issued a citation to Mr. Smith for failing to yield to oncoming traffic.

Ms. Mills sued Mr. Smith, LaSalle CAA, and LaSalle CAA's insurer, New Hampshire Insurance Company, alleging that Mr. Smith negligently operated the bus and caused her damages. The defendants answered, denied liability, and asserted multiple affirmative defenses, including the negligence of Ms. Mills. The defendants also filed exceptions of vagueness and no cause of action. Discovery

proceeded. Ms. Mills filed a motion for partial summary judgment in which she sought summary judgment on the following issues: Mr. Smith's negligence was the sole cause of the accident, LaSalle CAA was vicariously liable for the negligence of its employee, Mr. Smith, New Hampshire Insurance Company issued a policy of insurance covering the liability of LaSalle CAA and Mr. Smith, and the defendants' affirmative defenses are without merit. Ms. Mills specifically argued that the affirmative defenses of comparative fault, third-party fault, mitigation of damages, credit or offset of damages, and pre-existing condition of Ms. Mills were without merit. Ms. Mills also argued that the exceptions of no cause of action and vagueness should be overruled.

The trial court heard arguments on the motion for summary judgment on July 18, 2019. At the conclusion of the hearing, the trial court overruled the defendants' exceptions of no cause of action and vagueness. It granted summary judgment in favor of Ms. Mills on the issues of Mr. Smith's negligence, LaSalle CAA's vicarious liability, New Hampshire Insurance Company's coverage, comparative fault, and third-party fault, finding Mr. Smith completely at fault for the accident. The trial court denied Ms. Mills' motion for summary judgment on the issues of mitigation of damages, credit or offset of damages, and pre-existing condition. The trial court certified as final judgments its rulings granting summary judgment in favor of Ms. Mills on the issues of Mr. Smith's negligence, the lack of negligence on the part of Ms. Mills, and the lack of fault of any third party, making those rulings immediately appealable pursuant to La.Code Civ.P. art. 1915. The defendants now appeal the finding of the trial court that Mr. Smith's negligence was the sole cause of the accident.

## ASSIGNMENTS OF ERROR

The defendants assert three assignments of error:

1.  The trial court was in error when it granted summary judgment in favor of Appellee on the issue of whether there were any genuine issues of material fact as to the potential fault of non-party Louisiana Department of Transportation and Development in this matter. Appellants assert that there are genuine issues of material fact at this stage of the litigation, and that there is evidence that would allow a reasonable jury to place at least some fault upon the DOTD, which is all that is required at this stage in the litigation.

2.  The trial court was in error when it granted summary judgment in favor of Appellee on the issue of Appellants being solely at fault for the alleged accident at issue in this case. The testimony of Appellant Vandell Smith, Sr., and the report of Appellee's own liability expert, indicate the possibility of at least some actual Appellee fault. For greater reasons, there are genuine issues of material fact as to whether Appellee may have at least some fault for the alleged accident at issue in this case, which should preclude summary judgment on the issue of Appellants' fault at this stage in the litigation.

3.  For the same reasons, the trial court was in error when it granted Appellee's Motion for Summary Judgment on the issue of Appellee being completely free from fault for the alleged accident at issue in this case. The evidence presented by Appellants in this matter could allow a reasonable jury to place at least some fault upon Appellee. There are genuine issues of material fact as to Appellee's fault which precludes a grant of summary judgment at this stage in the litigation.

## DISCUSSION

The standard of review applicable when an appeal is taken from a granted motion for summary judgment is de novo. *Covington v. McNeese State Univ.*, 08-505 (La.App. 3 Cir. 11/5/08), 996 So.2d 667, *writ denied*, 09-69 (La. 3/6/09), 3 So.3d 491. Louisiana Code of Civil Procedure Article 966(A)(2) states that "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. . . . The procedure is favored and shall be construed to accomplish these ends." Under La.Code Civ.P. art. 966(A)(3), "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact, and that mover is

entitled to judgment as a matter of law." The only documents which may be introduced in support or opposition of a motion for summary judgment are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La.Code Civ.P. art. 966(B)(4). Louisiana Code of Civil Procedure Article 966(D)(1) outlines the burden of proof that a party must carry in order to have a motion for summary judgment granted:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

Negligence claims in Louisiana are subject to the duty-risk analysis, which requires proof of a breach of duty that was the cause-in-fact of the plaintiff's injuries, resulting in plaintiff's damages. *See Jones v. Centerpoint Energy Entex*, 11-02 (La.App. 3 Cir. 5/25/11), 66 So.3d 539, *writ denied*, 11-1964 (La. 11/14/11), 75 So.3d 946. Pursuant to the duty-risk analysis, Ms. Mills bore the burden of proving: (1) that Mr. Smith owed her a duty; (2) that Mr. Smith breached that duty; (3) that Mr. Smith's conduct was a cause-in-fact of Ms. Mills' injuries; (4) that Mr. Smith's substandard conduct was a legal cause of Ms. Mills' injuries; and (5) that Ms. Mills suffered actual damages. *Id.*

Ms. Mills submitted evidence in her motion for summary judgment that traffic travelling north on Highway 165 had the right of way, while traffic travelling east on Highway 84 had to stop before crossing the southbound lanes of Highway 165 and yield to northbound traffic once reaching the median. Thus, Ms. Mills had the

right of way.  Mr. Smith had the duty to stop before crossing the southbound lane of Highway 165 and yield to oncoming traffic before entering the northbound lane of Highway 165.  Ms. Mills' expert, Kelly Adamson, included pictures of the signs at the intersection in his expert report attached to his affidavit.

Ms. Mills testified she never saw the bus driven by Mr. Smith until right before it hit the side of her vehicle.  She testified that there was a caution light at the intersection.  She also stated that she saw flashing lights to the far left side of the road which she described as lights from a police car or fire truck, so she slowed her speed.  She testified that she remembered looking down at her odometer and it read about 45 miles per hour as she approached Highway 84.  She did not know what vehicle struck her car until the emergency crews extricated her from her vehicle.

Mr. Adamson's affidavit stated that Mr. Smith would have been able to see Ms. Mills' vehicle at the time he began crossing the southbound lanes after stopping at the stop sign.  If she was travelling at fifty miles per hour, Ms. Mills' vehicle would have been 300 feet from the intersection when Mr. Smith began moving forward from the stop sign.  A variance in Ms. Mills' speed by ten miles an hour would change her distance from the intersection by plus or minus fifty-three feet.  Mr. Adamson stated that it was a clear day, and a driver at the stop sign could see vehicles in the northbound lane from 1200 feet south of the intersection.  Further, his affidavit stated that the intersection meets all relevant traffic safety standards.  This evidence establishes that Mr. Smith breached his duty to see what he should have seen, namely Ms. Mills' vehicle.

Mr. Smith's deposition testimony was that he did not see Ms. Mills' vehicle until he hit her, but that he knew she was going at least seventy-five miles an hour.  In his deposition, Mr. Smith stated:

5

Q: [W]hat evidence do you have to show that she was traveling in excess of the speed limit?

A: Well, I been driving a long time and I saw her coming. At the last minute, she was coming so fast so I didn't see her until she hit me. She was coming down that incline so fast. I'm guessing seventy or better miles an hour. Not slowing down.

Mr. Smith was not established as an expert, and his opinion testimony does not constitute sufficient evidence to rebut the expert analysis performed by Mr. Adamson. Further, even if Ms. Mills had been traveling seventy miles per hour, Mr. Adamson's expert opinion was that Mr. Smith should have seen her vehicle approaching.

Ms. Mills produced sufficient evidence on summary judgment to find that Mr. Smith had a duty to yield the right of way to her vehicle, that he breached that duty, and that the breach of that duty caused her injuries  The evidence produced also shows that Ms. Mills' actions were not a cause of the accident.  Mr. Smith's testimony as to Ms. Mills' speed does not create a genuine issue of material fact, as he breached the duty he owed whether Ms. Mills was traveling forty-five or seventy miles an hour.  The extent of her damages is not before us in this appeal, as the trial court reserved any issues related to damages to a trial.  Thus, we find the trial court did not err in finding Mr. Smith liable for the accident and failing to find Ms. Mills at fault.

Ms. Mills also presented sufficient evidence to show that no third party, specifically the Louisiana Department of Transportation and Development (DOTD), was responsible for the accident as Mr. Smith claimed as an affirmative defense. The only evidence he presented to counter Mr. Adamson's expert opinion was inadmissible.  Even if admitted, the work orders from the DOTD do not prove that the intersection was substandard. Further, the list of items in La.Code Civ.P. art 966 that are admissible in a summary judgment proceeding does include pleadings, but

not pleadings from an unrelated suit in the same parish. We decline to consider these documents, but even if we did, allegations in another suit of a party's negligence are insufficient evidence in this proceeding.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the defendants.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.